## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NATALIE RIVERO, *individually and on behalf of all those similarly situated*,<br>                                    Plaintiff,<br><br>        vs.<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>                                    Defendant. | Civil Action No.<br><br>[Circuit Court Case No. CACE-23-016624]<br><br>Complaint Filed: August 8, 2023 |

## NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)

Defendant UNITED COLLECTION BUREAU, INC. (hereinafter referred to as "Defendant"), respectfully submits this Notice of Removal in this civil action from the Circuit Court of the 17th Judicial Circuit in Broward County, Florida, to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1441 and 1446, based on federal question jurisdiction.  Specifically, Plaintiff NATALIE RIVERO (hereinafter referred to as "Plaintiff"), asserts a claim for damages, both individually and on behalf of a putative class, against Defendant arising out of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA").

In support of this Notice of Removal, Defendant, through its counsel, states as follows:

### PROCEDURAL BACKGROUND

1.       Plaintiff commenced this action by filing a Complaint in the Circuit Court of the 17th Judicial Circuit in Broward County, Florida on August 8, 2023, styled *Natalie Rivero v. United*

*Collection Bureau, Inc.*, Case No.: CACE-23-016624 (the "State Court Action").  *See* Complaint, attached hereto as Ex. A.

2.      The Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*.  *See* Ex. A, ¶¶ 44-62.

3.      The Complaint was served on Defendant on August 14, 2023.

### BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

4.      Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where state court action is pending.

5.      Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

6.      This Court has federal question jurisdiction over this action under the provisions of 28 U.S.C. § 1331, and the matter is removable pursuant to 28 U.S.C. § 1441 because the Complaint alleges that Defendant violated the FDCPA by not providing one of the five permitted Itemization Dates as set forth in C.F.R. § 1006.34(b)(3).  *See* Ex. A, ¶¶ 47-61.

7.      The Complaint also alleges that Defendant is a "debt collector" as defined by the FDCPA.  *See* Ex. A, ¶ 19.

8.      Based on the foregoing alleged conduct, Plaintiff represents that the value of this case is over $100,000.  *See*, State Court Civil Case Coversheet, § II Amount of Claim, attached hereto as Ex. B.

9.      Accordingly, this action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b).

## TIMELINESS OF REMOVAL

10.     As noted above, the Complaint was served on Defendant on August 14, 2023.

11.     Defendant's Notice of Removal is timely because Defendant filed this Notice "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

## VENUE

12.     Venue is proper in this district and division because the State Court Action was filed and is pending in the Circuit Court of the 17th Judicial Circuit in Broward County, Florida, which is located within the United States District Court for the Southern District of Florida.

## COMPLIANCE WITH REMOVAL PROCEDURES

13.     Defendant has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446.

14.     As noted above, the Notice of Removal is filed within 30 days of the service of the amended pleading from which it may first be ascertained that the case is one which is or has become removable.

15.     Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, is being served on Plaintiff.

16.     Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, will be filed in the State Court Action.

17.     Copies of all process, pleadings and orders served on Defendant are attached hereto. *See* Notice of Lodgment of State Court Pleadings, filed concurrently herewith.

**WHEREFORE**, for the foregoing reasons, Defendant removes this action from the Circuit Court of the 17th Judicial Circuit in Broward County, Florida to the United States District Court for the Southern District of Florida and respectfully requests that this Court exercise jurisdiction over this action.

DATE: September 13, 2023                    Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5300
Facsimile: (877) 634-7245

*/s/ Robert K. Tucker II*
Robert K. Tucker II
Florida Bar No. 51641
rtucker@grsm.com
*Attorneys for Defendant*

**EXHIBIT A**

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

**Case No.**

**NATALIE RIVERO,**
*individually and on behalf of all*
*those similarly situated,*

**CLASS ACTION**

　　　　Plaintiff,

v.

**JURY TRIAL DEMANDED**

**UNITED COLLECTION BUREAU, INC.**

　　　　Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Natalie Rivero ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Defendant United Collection Bureau, Inc., ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1.　　This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $50,000 exclusive of interest, costs, and attorney's fees.

2.　　Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

3.　　Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the FDCPA, and because Plaintiff is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## PARTIES

4.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5.      Defendant is an Ohio Corporation, with its principal place of business located in Toledo, Ohio.

## DEMAND FOR JURY TRIAL

6.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

7.      On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

8.      The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Citibank, N.A., and Plaintiff (the "Subject Service").

9.      The Subject Service was primarily for personal, family, or household purposes.

10.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11.     Defendant is a business entity engaged in the business of collecting consumer debts.

12.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

14.     Defendant's "Consumer Collection Agency" license number is CCA0900690.

15.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

16.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

17.     Defendant maintains and keeps updated within seven (7) days the records required by Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

18.     Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

19.     Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

20.     On a date better known by Defendant, Defendant sent a letter to Plaintiff, of which was internally dated January 17, 2023, (the "Collection Letter") in an attempt to collect the Consumer Debt.

21.     Attached as Exhibit "A" is a copy of the Collection Letter.

22.     Defendant is required by C.F.R. § 1006.34(b)(3) to provide an "itemization date" of the Consumer Debt in the Collection Letter.

23.     The term "**itemization date**" is defined by C.F.R. § 1006.34(b)(3) to mean one of five specific dates, *namely*: **(1)** "[t]he last statement date, which is the date of the last periodic statement or written account statement or invoice provided to the consumer by a creditor," (the "**Last Statement Date**"), *see* C.F.R. § 1006.34(b)(3)(i); **(2)** "[t]he charge-off date, which is the date the debt was charged off, (the "**Charge Off Date**"), *see* C.F.R. § 1006.34(b)(3)(ii); **(3)** "[t]he last payment date, which is the date the last payment was applied to the debt, (the "**Last Payment Date**"), *see* C.F.R. § 1006.34(b)(3)(iii); **(4)** "[t]he transaction date, which is the date of the

transaction that gave rise to the debt," (the "**Transaction Date**"), *see* C.F.R. § 1006.34(b)(3)(iv); *or* (5) "[t]he judgment date, which is the date of a final court judgment that determines the amount of the debt owed by the consumer," (the "**Judgment Date**"), *see* C.F.R. § 1006.34(b)(3)(v).

24.     Defendant identifies January 2, 2023, as the itemization date of the Consumer Debt in the Collection Letter (the "Represented Itemization Date"). *See* Exhibit A.

25.     The Represented Itemization Date is not the Last Statement Date associated with the Consumer Debt.

26.     The Represented Itemization Date is not the Charge Off Date associated with the Consumer Debt.

27.     The Represented Itemization Date is not the Last Payment Date associated with the Consumer Debt.

28.     The Represented Itemization Date is not the Transaction Date associated with the Consumer Debt.

29.     The Represented Itemization Date is not the Judgment Date associated with the Consumer Debt.

30.     The Represented Itemization Date falsely represents the amount of the Consumer Debt because the Represented Itemization Date is not an itemization date permitted by C.F.R. § 1006.34(b)(3).

31.     The Represented Itemization Date falsely represents the character of the Consumer Debt because the Represented Itemization Date is not an itemization date permitted by C.F.R. § 1006.34(b)(3), whereby the use of the Represented Itemization Date wrongfully causes the least sophisticated consumer to falsely believe that the Represented Itemization Date is the Last

Statement Date, the Charge Off Date, the Last Payment Date, the Transaction Date, or the Judgment Date.

## CLASS ALLEGATIONS

### PROPOSED CLASS

32.    Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. The "Class" that Plaintiff seeks to represent is the below defined "FDCPA Class."

33.    The "**FDCPA Class**" consists of: **[1]** all persons with Florida addresses **[2]** that were sent a letter **[3]** from and/or by Defendant, or someone on Defendant's behalf **[4]** in an attempt to collect a debt **[5]** during the twelve [12] months preceding the filing of this Class Action Complaint **[6]** whereby said letter is required to provide an "itemization date" required by C.F.R. § 1006.34(b)(3) **[7]** and the "itemization date" provided is not Last Statement Date, the Charge Off Date, the Last Payment Date, the Transaction Date, or the Judgment Date associated with the underlying debt.

34.    Defendant and its employees or agents are excluded from the Class.

35.    Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

36.    Upon information and belief, Defendant has sent thousands of debt collection letters to thousands of consumers throughout the United States that are required to use one of five itemization dates set forth by C.F.R. § 1006.34(b), but which use a different, impermissible date instead. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

37.    The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's e-mail records.

### COMMON QUESTIONS OF LAW AND FACT

38.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant sent a letter to Plaintiff and members of the Class in an attempt to collect a debt; [2] Whether Defendant is a debt collector; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

39.    The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely sends debt collection letters to consumers that violate C.F.R. § 1006.34(b) is accurate, Plaintiff and members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

40.    Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

41.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

<u>SUPERIORITY</u>

42.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

43.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

COUNT 1<br>
<b>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</b>

44.     Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference ¶¶ 7-43 of this Class Action Complaint.

45.     The Bureau of Consumer Financial Protection the administrative agency authorized to exercise its authorities under Federal consumer financial law to administer, enforce, and otherwise implement the provisions of Federal consumer financial law. *See* 12 U.S.C. § 5512; 15 U.S.C. § 1692l(d); *see* also 12 C.F.R. § 1006.1(a).

46.     On November 30, 2020, the CFPB issued their final rule to revise Regulation F ("Reg F") of which contains, among other things, the CFPB's most recent interpretation of the

FDCPA. Reg F addresses, among other things, communications in connection with debt collection and prohibitions on harassment or abuse, false or misleading representations, and unfair practices in debt collection. *See generally* 85 FR 76734.

47.    With respect to the purpose of Reg F, it is stated "[Reg F] carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. 12 C.F.R. § 1006.1(b). Moreover, Reg F, "**prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection, in light of the facts and circumstances**". Id. (emphasis added).

48.    Pursuant to § 1006.34 of Reg F, a debt collector must provide a consumer with the validation information required by § 1006.34(c) of Reg F.

49.    Pursuant to § 1006.34(c) of Reg F, a debt collector *must* provide certain validation information, of which includes, but is not limited to: (1) "debt collector communication disclosure;" (2) "information about the debt;" (3) "information about consumer protections;" and (4) "consumer-response information."

50.    Section 1006.34(c)(2) of Reg F, of which requires "information about the debt" to be disclosed, provides an explicit list information, of which includes: (i) "[t]he debt collector's name and the mailing address at which the debt collector accepts disputes and requests for original-creditor information;" (ii) "[t]he consumer's name and mailing address;" (iii) "the name of the creditor to whom the debt was owed on the itemization date;" (iv) "[t]he account number, if any, associated with the debt on the itemization date, or a truncated version of that number;" (v) "[t] he

name of the creditor to whom the debt currently is owed;" (vi) "**[t]he itemization date**;" (vii) "[t]he amount of the debt on the itemization date;" (viii) "[a]n itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date;" and (iv) "[t]he current amount of the debt."

51.     Section 1006.34(b)(3) of Reg F defines the term "**itemization date**" to mean one of five specific dates, *namely*: **(1)** "[t]he last statement date, which is the date of the last periodic statement or written account statement or invoice provided to the consumer by a creditor," (the "**Last Statement Date**"), *see* C.F.R. § 1006.34(b)(3)(i); **(2)** "[t]he charge-off date, which is the date the debt was charged off, (the "**Charge Off Date**"), *see* C.F.R. § 1006.34(b)(3)(ii); **(3)** "[t]he last payment date, which is the date the last payment was applied to the debt, (the "**Last Payment Date**"), *see* C.F.R. § 1006.34(b)(3)(iii); **(4)** "[t]he transaction date, which is the date of the transaction that gave rise to the debt," (the "**Transaction Date**"), *see* C.F.R. § 1006.34(b)(3)(iv); *or* (5) "[t]he judgment date, which is the date of a final court judgment that determines the amount of the debt owed by the consumer," (the "**Judgment Date**"), *see* C.F.R. § 1006.34(b)(3)(v).

52.     Section 1692e of the FDCPA prohibits, among other things, "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

53.     Section 1692e(2)(A) of the FDCPA explicitly prohibits "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2).

54.     Section 1692f of the FDCPA prohibits, among other things, "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

55.     Section 1692g of the FDCPA requires debt collectors to make certain disclosures, provide consumers with certain information, and to make such disclosures and provide such information within a specific timeframe. *See* 15 U.S.C. § 1692g(a)(1)-(5).

56.     Here, as set forth above, the Collection Letter was a communication required to use of the five "itemization dates" set forth under § 1006.34(b)(3) of Reg F. The date used and/or otherwise represented in the Collection Letter as the "itemization date," *namely*, the Represented Itemization Date: [1] is not the Last Statement Date associated with the Consumer Debt; [2] is not the Charge Off Date associated with the Consumer Debt; [3] is not the Last Payment Date associated with the Consumer Debt; [4] is not the Transaction Date associated with the Consumer Debt; and [5] is not the Judgment Date associated with the Consumer Debt.

57.     Defendant violated § 1692e of the FDCPA by using the Represented Itemization Date in the Collection Letter because the Represented Itemization Date is not one of the five dates permitted by § 1006.34(b)(3) of Reg F and using the Represented Itemization Date as though it was one of the five dates permitted by § 1006.34(b)(3) of Reg F is false, deceptive, and/or otherwise misleading to the least sophisticated consumer.

58.     Defendant violated § 1692e of the FDCPA by using the Represented Itemization Date in the Collection Letter because the Represented Itemization Date is not one of the five dates permitted by § 1006.34(b)(3) of Reg F and using the Represented Itemization Date as though it was one of the five dates permitted by § 1006.34(b)(3) of Reg F is false, deceptive, and/or otherwise misleading to the least sophisticated consumer.

59.     Defendant violated § 1692e(2)(A) of the FDCPA with respect to the character and/or amount of the Consumer Debt by using the Represented Itemization Date in the Collection Letter because the Represented Itemization Date is not one of the five dates permitted by §

1006.34(b)(3) of Reg F. Here, using the Represented Itemization Date as though it was one of the five dates permitted by § 1006.34(b)(3) of Reg F wrongfully causes the least sophisticated consumer to falsely believe that the Represented Itemization Date is the Last Statement Date, the Charge Off Date, the Last Payment Date, the Transaction Date, or the Judgment Date.

60.     Defendant violated § 1692f of the FDCPA by using the Represented Itemization Date in the Collection Letter because the Represented Itemization Date is not one of the five dates permitted by § 1006.34(b)(3) of Reg F and using the Represented Itemization Date as though it was one of the five dates permitted by § 1006.34(b)(3) of Reg F constitutes unfair and/or otherwise unconscionable means to collect the Consumer Debt.

61.     Defendant violated § 1692g of the FDCPA and § 1006.34(b)(3) of Reg F by failing to use one of the five itemization dates permitted by § 1006.34(b)(3) of Reg F in the Collection Letter, as Defendant was required to use one of the five itemization dates set forth under § 1006.34(b)(3) in the Collection Letter, but instead, used the Represented Itemization Date in the Collection Letter, whereby the Represented Itemization Date is not one of the five dates permitted by § 1006.34(b)(3) of Reg F.

62.     WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests this Court to enter a judgment against Defendant, awarding Plaintiff and the FDCPA Class the following relief: **[1]** statutory damages as provided by 15 U.S.C. § 1692k; **[2]** costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and **[3]** any other relief that this Court deems appropriate under the circumstances.

Respectfully Submitted,

 /s/ Shannon E. Gilvey
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:    jen@jibraellaw.com
**SHANNON E. GILVEY, ESQ.**
Florida Bar No.: 1035934
E-mail: shannon@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*

# EXHIBIT "A"

United Collection Bureau, Inc.
5620 Southwyck Blvd
Toledo OH 43614
1-800-925-9018
www.payment.ucbinc.com

To:  NATALIE RIVERO
1911 NW 114th Ter
Pembroke Pines FL 33026-2044

January 17, 2023

**UCB Reference Number: 57058264**

**United Collection Bureau, Inc. is a debt collector.** We are trying to collect a debt that you owe to CITIBANK, N.A. We will use any information you give us to help collect the debt.

### Our information shows:

| | | |
|---|---|---|
| You have a MY BEST BUY CREDIT CARD credit card from CITIBANK, N.A. with account number ending in 0003. | | |
| As of 01-02-23, you owed: | | $1505.87 |
| Between 01-02-23 and today: | | |
| You were charged this amount in interest: | + | $0.00 |
| You were charged this amount in fees: | + | $0.00 |
| You paid or were credited this amount toward the debt: | - | $0.00 |
| **Total amount of the debt now:** | | **$1505.87** |
| Minimum Payment Due: | | $226.00 |

### How can you dispute the debt?

- **Call or write to us by 02-26-23 to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

- **If you write to us by 02-26-23,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at www.requests.ucbinc.com.

### What else can you do?

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by 02-26-23, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at www.requests.ucbinc.com.

- **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

- Contact us about your payment options.

**Notice: See reverse side for important information.**

---

Mail this form to:
PO BOX 140310
TOLEDO OH 43614

ADDRESS SERVICE REQUESTED

1-800-925-9018

ılı¹¹ıl|ıⁱılⁱⁱⁱlıl|ⁱⁱ|ⁱ|ⁱlⁱⁱⁱⁱlⁱⁱⁱⁱⁱlⁱⁱⁱlⁱⁱⁱⁱⁱⁱⁱlⁱⁱ¹|ⁱⁱ|¹
NATALIE RIVERO
1911 NW 114th Ter
Pembroke Pines FL 33026-2044

**How do you want to respond?**

*Check all that apply.*

☐ **I want to dispute the debt because I think:**

    ☐ This is not my debt.

    ☐ The amount is wrong.

    ☐ Other (please describe or attach additional information).

☐ **I want you to send me the name and address of the original creditor.**

☐ **I enclosed this amount:**   $ [        ]

Make your check payable to Citibank. Include the reference number 57058264.

CDNEB

NOT AN OFFICIAL COPY – PUBLIC ACCESS COPY

UNITED COLLECTION BUREAU, INC.                          March 13, 2023
5620 SOUTHWYCK BLVD SUITE 206
TOLEDO OH 43614


NATALIE RIVERO
1911 NW 114TH TER
PEMBROKE PINES FL 33026-2044


Creditor:                                              CITIBANK, N.A.
Regarding:                                             MY BEST BUY CREDIT CARD
Last Four Digits of Creditor Account Number:           0003
United Collection Bureau, Inc. Reference Number:        57058264
Account Balance:                                       $1618.64


Dear NATALIE RIVERO:

This communication is in regard to your MY BEST BUY CREDIT CARD account.

On behalf of CITIBANK, N.A., United Collection Bureau, Inc. will accept a settlement in the amount of $1,003.81 for the above referenced account. To take advantage of this offer please ensure the total payment is received in our office by March 27, 2023. We are not obligated to renew this offer and this agreement is contingent upon clearance of funds.

If you wish to accept this offer, please contact our office to establish a payment method and date, or mail a copy of this letter together with your payment to the remit address below. Please make your check or money order payable to Citibank. You may call our office toll free at 1-800-925-9018, or if you require Telecommunications Relay Service (TRS), please dial 711. Please refer to reference number 57058264.

This settlement offer does not in any way affect your right to dispute this debt and request validation of this debt. If you do not accept this settlement offer, you are not giving up any of your rights regarding this debt.

In the event you are unable to accept this offer, we encourage you to contact our office to establish a payment arrangement toward the full balance of the account.

As of the date of this letter, you owe the above Account Balance. Because of interest and/or other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after your payment is received. For further information, you may write to our office or call the telephone number within this communication.


 Pay online: CONSUMERVIEW.UCBINC.COM     Speak with a representative: 1-800-925-9018

Thank you for your prompt attention to this matter.

Sincerely,
United Collection Bureau, Inc.


This is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector, and any information obtained will be used for that purpose.


SEE REVERSE SIDE FOR IMPORTANT INFORMATION

24CU027C00CSIF

PLEASE RETURN THIS PORTION WITH PAYMENT. DO NOT ATTACH CHECK TO STUB.
PLEASE MAKE YOUR PAYMENT PAYABLE TO CITIBANK.

Creditor:                                              CITIBANK, N.A.
Regarding:                                             MY BEST BUY CREDIT CARD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 13, 2023, a true copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF E-Filing Portal, which will serve a copy of this document by electronic notice to the attorneys identified on the following Service List.

## Service List

Jibrael S. Hindi, Esq.
Jennifer G. Simil, Esq.
Shannon E. Gilvey, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
jibrael@jibraellaw.com
jen@jibraellaw.com
shannon@jibraellaw.com

*/s/ Robert K. Tucker II*
Robert K. Tucker II